UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC PAUL WENDLANDT,

      Plaintiff,                             Hon. Janet T. Neff

v.                                       Case No. 1:14-cv-00313

BANK OF AMERICA NA, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

      This matter is before the court on Various Defendants' Motion for Monthly Escrow Payment (Dkt. 22), which was referred to the undersigned by the Honorable Janet T. Neff. The motion was heard on June 3, 2014. For reasons stated on the record at that hearing, the undersigned recommends that the motion for monthly escrow payments be granted.

      Defendants established that plaintiff Eric Paul Wendlandt borrowed $526,400 from Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender (Dkt. 22, Exh. A). The original monthly principal and interest payments were $3,327.21. According to defendants, the loan is in default, having been paid to December 1, 2011 (Dkt. 22, Exh. B).

      Plaintiff admitted on the record that he had taken the loan to purchase property known as 6699 Avonlea Court, Grand Rapids, MI, 49546. He also did not dispute that no payments had been made on the loan since December 1, 2011. It is clear that whatever the merits, or lack thereof, of plaintiff's complaint, he owes someone or some entity repayment on the loan. As stated on the record, it is matter of common sense that one cannot simply renege on obligations made under a loan

and continue indefinitely to use the benefits of that loan, i.e., the property. See various court orders (Dkt. 22, Exh. K). Therefore, the undersigned recommends that Various Defendants' Motion for Monthly Escrow Payment (Dkt. 22) be **granted** and that the court enter an order that plaintiff begin making monthly payments on July 1, 2014 to an escrow account established by the court in the amount of $4,792.97 per month. This constitutes the original monthly principal and interest payment in the amount of $3,327.21 and includes a monthly escrow amount for the balance. The escrow fund established by the court will not accrue interest, nor should any fees be deducted from it. Plaintiff objects to the establishment of escrow payments as violating the Real Estate Settlement Procedures Act, 12 U.S.C. §2601, et seq. ("RESPA"). If plaintiff believes that is the case, he shall include specific citation to the applicable RESPA provision in his objection(s) to this report and recommendation.

Respectfully submitted,

Date:  June 3, 2014              /s/ Ellen S. Carmody
                                 ELLEN S. CARMODY
                                 United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).