UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC PAUL WENDLANDT,

    Plaintiff,

v

BANK OF AMERICA N.A., *et al.*,

    Defendants.

_____/

Case No. 1:14-cv-313

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this action against Defendant Bank of America N.A. and nearly seventy other Defendants, seeking a minimum of $1 million on each of the twenty-three counts he presents in his complaint, which concerns the defaulted loan on his real property.  On June 3, 2014, the Magistrate Judge issued a Report Recommendation (Dkt 58), recommending that this Court deny Plaintiff's Motion for a Default Judgment and Order Against Defendant Trott & Trott.  That same day, the Magistrate Judge issued a second Report and Recommendation (Dkt 59), recommending that this Court grant the motion of various defendants for monthly escrow payments.  Plaintiff filed objections to both Reports and Recommendations (Dkt 60 & 61).  Further, Plaintiff has since filed a Motion for Reconsideration (Dkt 77) of this Court's August 1, 2014 Order of Partial Dismissal. The Court denies the objections, denies the motion for reconsideration and issues this Opinion and Order.

## I. PLAINTIFF'S OBJECTIONS

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendations to which Plaintiff has made objections.

### A.   Report and Recommendation (Dkt 58)

First, the Magistrate Judge recommends that this Court deny Plaintiff's May 13, 2014 Motion for a Default Judgment and Order Against Defendant Trott & Trott because "no default was entered against Defendant Trott & Trott and defendant answered the Complaint on May 15, 2014" (Dkt 58 at 1). In his objections, Plaintiff emphasizes that Defendant Trott & Trott answered "only after faced with default," which Plaintiff characterizes as "deplorable," and Plaintiff delineates the reasons why a default judgment should enter (Dkt 60).

Plaintiff's argument demonstrates a continued misunderstanding of the two-step process for obtaining a default judgment. First, default must be entered pursuant to FED. R. CIV. P. 55(a). Only after a default has been entered is a default judgment properly entertained for entry either by the Clerk, pursuant to FED. R. CIV. P. 55(b)(1), or by the Court, pursuant to FED. R. CIV. P. 55(b)(2). No default having first been entered in this case and Defendant's answer having been filed, the Magistrate Judge's recommendation to deny Plaintiff's Motion for a Default Judgment was entirely appropriate. Accordingly, Plaintiff's objection is denied.

### B.   Report and Recommendation (Dkt 59)

Finding that Plaintiff did not dispute that no payments have been made on the loan on his property since December 1, 2011, the Magistrate Judge recommends this Court grant the motion of various Defendants for monthly escrow payments because "it is [a] matter of common sense that one

cannot simply renege on obligations made under a loan and continue indefinitely to use the benefits of that loan" (Dkt 59 at 1-2). In response to Plaintiff's assertion that the escrow fund violates the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, the Magistrate Judge invited Plaintiff to "include specific citation to the applicable RESPA provision in his objection(s) to this report and recommendation" (*id.* at 2).

In his objections, Plaintiff does not identify a provision of RESPA that would preclude formation of the escrow fund in this case. Rather, Plaintiff argues that the Magistrate Judge did not provide "adequate reason" for the existence of the escrow fund, that whether Plaintiff owes repayment on the loan is "what the Complaint is all about," and that "[i]f anyone would have a right to money in advance of the completion of this case, it would be Plaintiff" (Dkt 61). Plaintiff opines that Defendants' motion for monthly escrow payments should have been "thrown out" because "Defendants have no right for relief" (*id.*).

Plaintiff's arguments demonstrate his disagreement with the Magistrate Judge's recommendation but fail to establish any legal or factual error in the Magistrate Judge's rationale. This Court agrees with the Magistrate Judge that an escrow fund is entirely warranted in this case. Accordingly, Plaintiff's objection is denied.

## II.  PLAINTIFF'S MOTION FOR RECONSIDERATION

On June 24, 2014, the Magistrate Judge issued a Notice of Impending Dismissal, indicating that more than 90 days had passed from the filing of the complaint with no service on all but nine Defendants (Dkt 62). The Magistrate Judge instructed that to avoid dismissal of the Defendants identified in the Notice, Plaintiff must execute a "Verified Petition Re: Service of Process" on or

before July 23, 2014 (*id.* at 2). No verified petition having been filed, this Court entered an Order of Partial Dismissal on August 1, 2014 (Dkt 76).

On August 22, 2014, Plaintiff filed a motion for reconsideration of this Court's Order of Partial Dismissal, arguing that this Court erred in dismissing Defendant Brian Moynihan, whom Plaintiff asserts he "properly and fully served on 14 July, 2014" (Dkt 77). In support, Plaintiff attaches a United States Postal Service return receipt, asserting that service was "accepted and signed for on 14 July 2014 by defendant Brian T. Moynihan" (*id.* at 1-2, Ex. 1); however, the exhibit Plaintiff attaches contains no signature nor any indicia of acceptance by Defendant Moynihan. Moreover, Plaintiff's assertions are not in the form of a verified petition and are made well past the July 23, 2014 deadline established by the Court. In short, Plaintiff has not demonstrated that a different disposition must result. Therefore, Plaintiff's motion for reconsideration is denied.

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt 60) are DENIED and the Report and Recommendation (Dkt 58) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (Dkt 61) are DENIED and the Report and Recommendation (Dkt 59) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Dkt 77) is DENIED.

Dated: October  31 , 2014             /s/ Janet T. Neff
                                      JANET T. NEFF
                                      United States District Judge