UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC WENDLANDT,

        Plaintiff,                              Hon. Janet T. Neff

v.                                                   Case No. 1:14-CV-313

BANK OF AMERICA, N.A., et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on Defendants' Motion to Dismiss, (Dkt. #8); Defendants' Motion to Dismiss, (Dkt. #49); and Defendants' Motion to Dismiss, (Dkt. #52). In accordance with 28 U.S.C. § 636(b), the undersigned recommends that Defendants' motions be **granted** and this action **terminated**.

**BACKGROUND**

        On July 3, 2007, Plaintiff and his wife executed a mortgage and note in the amount of five-hundred twenty-six thousand, four-hundred dollars ($526,400.00) concerning property located at 6699 Avonlea Ct., Grand Rapids, Michigan. (Dkt. #22, Exhibits A and C). On or about December 30, 2013, Plaintiff was informed that the mortgage was in default "for failing to make loan payments pursuant to the terms of [the] note and mortgage." (Dkt. #22, Exhibit J).

        Plaintiff initiated the present action on March 25, 2014, in an attempt to prevent the foreclosure sale of the property in question. Plaintiff initiated this action against Bank of America, N.A.,

MERS, MERSCORP Holdings, Inc., Bank of New York Mellon, Trott & Trott, Blank & Rome, LLP, Fabrizio & Brook PC, Jonathon Moore, Jonathan Engman, Frances Lee, and an additional 59 individuals (against whom Plaintiff's claims have already been dismissed). Plaintiff requests damages in an amount "anticipated to far exceed One Hundred Million United States Dollars ($100,000,000.00 US)." The gravamen of Plaintiff's complaint is that he has "genuine questions" concerning the authenticity of the mortgage and note and that, as a result, is concerned that he might be subject to "double liability." (Dkt. #1 at Page ID#8-9). Plaintiff has failed, however, to allege any facts suggesting that his concerns have any merit or basis in fact. Moreover, Plaintiff's alleged ignorance as to how mortgages and the mortgage industry operate and function is quite disingenuous in light of the fact that Plaintiff, prior to being convicted of mortgage fraud, owned and operated a mortgage brokerage company. *See United States v. Wendlandt*, 714 F.3d 388, 391 (6th Cir. 2013). All the remaining defendants, save Trott & Trott, now move to dismiss Plaintiff's complaint for failure to state a claim.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court

more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state

a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

**I.        Plaintiff's Allegations against Unspecified Defendants**

Plaintiff's 56-page pro se complaint is replete with vague and conclusory allegations asserted against unidentified "defendants" rather than specific defendants. As noted above, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" This standard is not satisfied, however, where a plaintiff merely asserts claims against "the collective term 'Defendants'. . .with no distinction as to what acts are attributable to whom" because in such a circumstance "it is impossible for any of these [defendants] to ascertain what particular [unlawful] acts they are alleged to have committed." *Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (19th Cir. 2008)). Accordingly, the undersigned recommends that Plaintiff's claims against the collective "Defendants" (or similarly imprecise group descriptors) be dismissed for failure to state a claim on which relief may be granted.[1]

---

[1] This recommendation encompasses Counts 1, 6, 9-14, and 17 in their entirety, as well as any claims and assertions in the remaining counts asserted against the collective "Defendants" or similarly imprecise group descriptors.

**II.       Plaintiff's Allegations against Specific Defendants**

　　A.　　Count II

Under the Real Estate Settlement Procedures Act (RESPA), a loan servicer has a duty to respond to a Qualified Written Request (QWR) from the borrower (or his agent) seeking "information relating to the servicing of such loan." 12 U.S.C. § 2605(e). In Count II of his complaint, Plaintiff alleges that Defendant Bank of America, N.A. "failed, refused and/or otherwise neglected to adequately or respond at all to the Qualified Written Request(s) sent to them on multiple dates." In Count XIX of his complaint Plaintiff asserts that he sent three QWRs to Bank of America on the following dates: (1) October 22, 2013; (2) November 1, 2013; and (3) November 7, 2013. Plaintiff has submitted copies of the three QWRs in question. (Dkt. #35, Exhibit C). Defendant Bank of America asserts that it is entitled to relief as to this claim because none of the letters in question qualify as QWRs thus absolving them of liability for any alleged failure to respond thereto.

A Qualified Written Request is defined as "a written correspondence" that: "(i) includes, or otherwise enables the servicer to identify the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). While courts have observed that an inquiry by a borrower need not employ "magic language" to impose upon lenders the duty to respond, *see, e.g., Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012), courts are likewise in agreement that "a QWR must relate to the servicing of a loan and not its validity." *Morton v. Bank of America, N.A.*, 2013 WL 6491089 at *5 (W.D. Mich., Dec. 10, 2013) (citations omitted). The three writings on which this claim is based do not concern the servicing of Plaintiff's mortgage, but instead are nothing more than challenges by Plaintiff

to the validity of the debt in question. (Dkt. #35, Exhibit C). As Bank of America had no duty to respond to Plaintiff's submissions, the undersigned recommends that this claim be dismissed.

      B.      Count III

Plaintiff alleges that Defendant Bank of America violated the Fair Debt Collection Practices Act (FDCPA) by declining to accept payment. The FDCPA, however, only applies to "debt collectors," the definition of which "does not include the consumer's creditors." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). Accordingly, "[a] bank that is a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *Id.* at 699. Plaintiff has failed to allege facts that Bank of America was acting as a debt collector as opposed to a mere creditor. As Bank of America is accurately characterized as a creditor of Plaintiff, the undersigned recommends that Bank of America is entitled to dismissal of this particular claim.

      C.      Counts IV and VII

Plaintiff alleges that Bank of America committed the state law torts of detrimental reliance and bad faith by extending and later rescinding an offer to modify the terms of his mortgage. Defendant argues that these claims should be dismissed because there does not exist under Michigan law causes of action for detrimental reliance or bad faith. While Defendant appears to be correct in this regard, the Court must nevertheless read Plaintiff's pro se complaint indulgently. Reading Plaintiff's complaint indulgently, Plaintiff is arguably asserting in these two counts claims for fraud or fraudulent misrepresentation. Thus, the Court rejects this particular argument.

Defendant next asserts that Plaintiff's claims are precluded by the Statute of Frauds. The Court disagrees. It is correct that under Michigan law "[a]n action shall not be brought against a financial institution" to enforce a "promise or commitment" to "renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation" unless the promise or commitment "is in writing and signed with an authorized signature by the financial institution." Mich. Comp. Laws § 566.132(2). However, Plaintiff is not seeking to enforce a promise to modify his mortgage, but is instead asserting a claim for fraud or fraudulent misrepresentation based on Defendant's alleged conduct concerning Plaintiff's attempt to obtain a modification of his mortgage.

Plaintiff's purported fraud or fraudulent misrepresentation claims are subject to dismissal, however, for failing to satisfy the requirement articulated in Federal Rule of Civil Procedure 9(b) that Plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, Plaintiff must articulate "the time, place and contents of the misrepresentation(s) upon which he relied" and, moreover, "explain why the statement is indeed untrue or a misrepresentation." *Rautu v. U.S. Bank*, 557 Fed. Appx. 411, 414 (6th Cir., Feb. 6, 2014). The allegations in these two counts fall far short of this requirement. Accordingly, the undersigned recommends that these claims be dismissed.

### D.   Count V

In Count V of his complaint, Plaintiff alleges that Defendant Bank of America issued "false, deceptive and misleading monthly demand statements" and was, as a result, unjustly enriched. Plaintiff alleges that Defendants: (1) Blank & Rome, LLP; (2) Jonathan Moore; and (3) Trott & Trott, "actively engaged in conduct to further [Bank of America's] wrongful conduct." Putting aside the fact

that Plaintiff has failed to describe or articulate the alleged wrongful conduct in which any of these defendants engaged, Plaintiff's unjust enrichment claims fail because this dispute is governed by an express contract (i.e., the mortgage and note in question). *See Johnson v. Bank of America Corp.*, 2013 WL 664906 at *4 (W.D. Mich., Feb. 22, 2013). Accordingly, the undersigned recommends that Defendants Bank of America, Blank & Rome, LLP, and Jonathan Moore are entitled to dismissal of Plaintiff's unjust enrichment claims.

### E.  Count VIII

In Count VIII of his complaint, Plaintiff asserts a claim to quiet title in the property in question. Specifically, Plaintiff requests that the Court provide him "free & clear title. . .with no liens, debts and/or other encumbrances against the title," including the United States' criminal judgment lien. Plaintiff's claim is based on his allegation that the mortgage and note have become separated (i.e., owned by different individuals or entities). As this Court has recognized previously, "[t]his theory has been soundly rejected" as "it is clearly established under Michigan property law that an owner of an interest in indebtedness need not own an interest in the security lien dependent on that indebtedness." *Crehan v. Maiden Lane LLC*, 2014 WL 467568 at *5 (W.D. Mich., Feb. 6, 2014) (citation omitted). The undersigned recommends, therefore, that Plaintiff's quiet title claim be dismissed.

### F.  Counts XV, XVI, and XVIII

In these particular Counts, Plaintiff asserts various claims under the Uniform Commercial Code (UCC). As is recognized, however, "the UCC is inapplicable to a mortgage on real property because it is not a negotiable instrument." *Duncan v. Bank of America, N.A.*, 2012 WL 5383147 at *3

(E.D. Mich., Oct. 15, 2012) (citations omitted). The undersigned recommends, therefore, that these particular claims be dismissed.

### G. Count XIX

In Count XIX (mistakenly labeled by Plaintiff as Count XVIIII), Plaintiff asserts that Defendants Bank of America and Fabrizio & Brook, P.C. "have continually and repeated reported erroneous credit data to the three major credit reporting agencies" in violation of the Fair Credit Reporting Act (FCRA). The FCRA imposes on "furnishers of information" a duty to "not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a). While Plaintiff repeatedly asserts the conclusion that Defendants have violated this provision, Plaintiff has failed to identify any alleged inaccurate statement made or reported by Defendants. Plaintiff's claim instead seems to be based on his allegation that Defendants have failed to affirmatively state or proclaim that the mortgage and note in question are valid. While Defendants may, in fact, have failed to proclaim, in a manner acceptable to Plaintiff, the validity of the indebtedness presently at issue, such falls outside the scope of the FCRA which, as noted above, penalizes "furnishers of information" who provide inaccurate credit information. Accordingly, the undersigned recommends that this particular claim be dismissed.

### III. Plaintiff's Claims Against Trott & Trott

Pursuant to Federal Rule of Civil Procedure 56(f), the Court may, "[a]fter giving notice and a reasonable time to respond. . .grant summary judgment for a nonmovant." While Defendant Trott & Trott has not moved for relief, the undersigned concludes that dismissal of Plaintiff's claims against

Trott & Trott is nevertheless appropriate. The only count in Plaintiff's complaint which articulates a specific claim against Trott & Trott is Count V regarding Plaintiff's claim that certain defendants (including Trott & Trott) were unjustly enriched through allegedly improper conduct. As discussed above, however, Plaintiff's unjust enrichment claims fail to state a claim. It would constitute an even further waste of already scarce judicial resources to permit this action to go forward against one defendant when the only claim asserted against that defendant has already been determined to be legally deficient. Accordingly, the undersigned recommends that Plaintiff's unjust enrichment claim against Trott & Trott be dismissed. This recommendation, and Plaintiff's opportunity to object thereto, serves as notice and reasonable time to respond as required by Rule 56(f).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (Dkt. #8), be **granted**; Defendants' Motion to Dismiss, (Dkt. #49), be **granted**; and Defendants' Motion to Dismiss, (Dkt. #52), be **granted**. The undersigned further recommends that Plaintiff's claims against Defendant Trott & Trott be dismissed and this matter terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 1, 2014  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge