UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ERIC PAUL WENDLANDT,

      Plaintiff,                               Case No. 1:14-cv-313

v                                          HON. JANET T. NEFF

BANK OF AMERICA N.A., *et al.*,

      Defendants.

_____/


## OPINION

      Plaintiff filed this action against Defendant Bank of America N.A. and nearly seventy other Defendants, seeking a minimum of $1 million on each of the twenty-three counts he presents in his complaint, which concerns the defaulted loan on his real property.  On December 1, 2014, the Magistrate Judge issued a Report Recommendation (Dkt 98), recommending that this Court grant the motions to dismiss filed by the remaining Defendants (Dkts 8, 49 & 52), save Trott & Trott, which filed an Answer to Plaintiff's complaint (Dkt 36).  On January 15, 2015, Plaintiff filed objections to the Report and Recommendation (Dkt 109), to which Defendants filed responses (Dkts 111, 114 & 119).   Additionally, Plaintiff recently filed in this Court a "Motion for Remand/Exemption" (Dkt 122), to which Defendants filed responses in opposition (Dkts 123 & 124).

      In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Magistrate Judge's December 1, 2014 Report and Recommendation (Dkt 98) to which Plaintiff has made objections.  For the following

reasons, the Court will deny Plaintiff's objections and deny Plaintiff's "Motion for Remand/Exemption."

1. ***Omissions.***  As a threshold matter, Plaintiff first contends that "many" violations of federal and state law were not addressed in the Report and Recommendation (Objs., Dkt 109 at 1). However, as discussed in the context of Plaintiff's remaining objections, *infra,* a careful review of the Report and Recommendation indicates that the Magistrate Judge supplied a recommendation on each count of Plaintiff's Complaint (Dkt 1).  Therefore, to the extent Plaintiff's contention constitutes an objection, it is denied.

2. ***Discovery.***  Plaintiff also requests that this Court "take note" that he has been denied his "right of discovery" (Objs., Dkt 109 at 3).  However, a Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint.  FED. R. CIV. P. 12(b)(b).  *See In re NM Holdings Co., LLC,* 622 F.3d 613, 618 (6th Cir. 2000).  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  As this Court has previously emphasized, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Crehan v. Maiden Lane, LLC*, No. 1:13-cv-657, 2014 WL 467568, at *4 (W.D. Mich. Feb. 6, 2014) (Neff, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).  Indeed, on August 22, 2014, when Plaintiff filed written requests for production of documents (Dkt 78), all three motions to dismiss were fully briefed.  Therefore, to the extent Plaintiff's request constitutes an objection, it is denied.

3. ***Conclusory or General Allegations.***  Next, Plaintiff "objects to all references in the R&R pertaining to conclusory or general allegations" (Objs., Dkt 109 at 2).  Plaintiff's objection is, at least

in part, directed at the Magistrate Judge's recommendation for dismissal of Counts I, VI, IX–XIV, and XVII, in their entirety, and dismissal of the "claims and assertions in the remaining counts asserted against the collective 'Defendants' or similarly imprecise group descriptors" (R&R, Dkt 98 at 4), which implicitly encompasses the generally pleaded claims in Counts XX–XXIII.   The Magistrate Judge opines that Plaintiff's 56-page pro se complaint is "replete with vague and conclusory allegations asserted against unidentified "defendants" rather than specific defendants (*id.*).   Plaintiff does not specifically challenge the Magistrate Judge's assessment of his original pleading, and, to this extent, this objection is therefore denied.

Instead, Plaintiff asserts that "anyone that reads the FAC [First Amended Complaint] clearly can see the facts and specificity of Defendants Bank of America, N.A.…   Period" (Objs., Dkt 109 at 2).   Plaintiff opines that his purported First Amended Complaint, "had it been viewed prior to the issuance of the R&R demonstrates [the] specificity desired by this Court and the remaining Defendants" (*id.* at 3-5).   Indeed, the vast remainder of Plaintiff's objections to the December 1, 2014 Report and Recommendation relies on the content of his purported First Amended Complaint (*id.* at 5-12).   Accordingly, the Court next examines the significance of Plaintiff's purported First Amended Complaint.

**4. "First Amended Complaint."**   On November 17, 2014, Plaintiff filed a document titled "Plaintiff Eric P. Wendlandt's Supplemental Brief for Defendants' Bank of America, N.A., Bank of New York Mellon, Merscorp Holdings, Blank Rome, LLP and Fabrizio & Brook, P.C.'s Motion(s) to Dismiss," the contents of which were his purported First Amended Complaint "in reliance on F. R. Cv. P. 15(a)(1)" (Dkt 92).   Rule 15 of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving

it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). However, as of November 17, 2014, Plaintiff was not eligible to file an amended pleading as of right because it was more than 21 days after Defendants' responsive pleading, and all three motions to dismiss were fully briefed as of that date.

Plaintiff's ability to file an amended pleading was instead governed by Rule 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Plaintiff obtained neither consent from Defendants nor leave from the Court to file an amended pleading. The Magistrate Judge therefore properly disregarded the "Supplemental Brief" as an improper attempt to amend his Complaint and decided the pending motions to dismiss based on the only complaint properly before the Court, Plaintiff's March 25, 2014 Complaint (Dkt 1).

Even if the Magistrate Judge had considered Plaintiff's Supplemental Brief/First Amended Complaint, Plaintiff's remaining objections to the Report and Recommendation do not indicate that a contrary result would be justified. Rather, his objections are without merit. Therefore, the Court denies the objections, as well as his belated request for leave to amend his complaint.

**(a)  Count II (RESPA)**

The Magistrate Judge recommends dismissal of Count II, where Plaintiff alleges that Defendant Bank of America, N.A. "failed, refused and/or otherwise neglected to adequately or respond at all to the Qualified Written Request(s) [QWRs]" (R&R, Dkt 98 at 5-6). The Magistrate Judge determined that Bank of America had no duty to respond to Plaintiff's submissions (*id.*).

Plaintiff disagrees with the Magistrate Judge's opinion that his correspondence to Bank of America, N.A. on October 22, November 1, and November 7, 2013, were not QWRs, opining that "this Court is not recognizing the legislative intent set forth by Congress" (Objs., Dkt 109 at 4-7). However, as Defendants more fully point out in response to Plaintiff's objections (Resp., Dkt 111 at 4-5), Plaintiff's objection fails to demonstrate how his letters meet the statutory definition of a QWR, 12 U.S.C. § 2605(e)(1), and Plaintiff points to no allegations in the purported First Amended Complaint that would alter this conclusion. As a result, the Magistrate Judge properly recommended dismissal of Plaintiff's RESPA claim.

**(b)     Count III (FDCPA)**

The Magistrate Judge recommends dismissal of Count III, Plaintiff's claim that Defendant Bank of America, N.A. violated the Fair Debt Collection Practices Act (FDCPA), because the FDCPA only applies to "debt collectors" and Bank of America is accurately characterized as a creditor of Plaintiff (R&R, Dkt 98 at 6, citing *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003)).

Plaintiff disagrees with the Magistrate Judge's analysis, opining that "[*Montgomery*] should be thrown out on its face" (Objs., Dkt 109 at 8). Plaintiff further asserts that "[i]f the court is tempted to hold that some or all of the Defendants are not debt collectors, then Plaintiff requests permission for discovery to demonstrate why each one may—or may not—be a debt collector" (*id.* at 9). Last, Plaintiff contends that "[t]he R&R fails to address the fact that Plaintiff was charged costs and fees prohibited by law" (*id.* at 10).

However, as Defendants more fully point out in response to Plaintiff's objections (Resp., Dkt 111 at 6-7; Resp., Dkt 114 at 6-7; Resp., Dkt 119 at 8-9), Plaintiff's arguments and promises of

future discovery "miss the mark" inasmuch as they fail to refute the determination that Defendants, seeking to collect on a debt created by the credit extended to Plaintiff, fall outside the purview of the FDCPA, and Plaintiff points to no allegations in the purported First Amended Complaint that would alter this determination.  As a result, the Magistrate Judge properly recommended dismissal of Plaintiff's FDCPA claims.

### (c)    Count IV & VII (State Law Torts)

The Magistrate Judge recommends dismissal of Counts IV and VII, Plaintiff's purported claims for the state law torts of detrimental reliance and bad faith, determining that Plaintiff failed to state with particularity the circumstances constituting fraud or mistake as required by Federal Rule of Civil Procedure 9(b) (R&R, Dkt 98 at 6-7).

Plaintiff's objections do not include any specific challenge to the Magistrate Judge's recommendation on Counts IV and VII, and Plaintiff points to no allegations in his purported First Amended Complaint demonstrating that the recommendation is unwarranted, even if the Magistrate Judge had considered the amended pleading.

### (d)    Count V (Unjust Enrichment)

The Magistrate Judge recommends dismissal of Count V, Plaintiff's unjust enrichment claim against Blank & Rome, LLP; Jonathan Moore; and Trott & Trott, determining that Plaintiff's claim fails because this dispute is governed by an express contract, i.e., the mortgage and note in question (R&R, Dkt 98 at 7-8, citing *Johnson v. Bank of America Corp.*, No. 1:11–cv–1284, 2013 WL 664906, at *4 (W.D. Mich., Feb. 22, 2013) (Neff, J.) (holding, under Michigan law, that "the existence of the express contract bars the quantum meruit claim") (quoting *Morris Pumps v.*

*Centerline Piping, Inc.*, 729 N.W.2d 898, 906 (Mich. Ct. App. 2006); R&R, Dkt 98 at 10, citing FED. R. CIV. P. 56(f) (permitting a court to grant summary judgment for a nonmovant)).

Plaintiff's objections do not include any specific challenge to the Magistrate Judge's recommendation on Count V, and Plaintiff points to no allegations in his purported First Amended Complaint demonstrating that the recommendation is unwarranted, even if the Magistrate Judge had considered Plaintiff's amended pleading.

### (e)    Count VIII (Quiet Title)

The Magistrate Judge recommends dismissal of Count VIII, Plaintiff's quiet title claim, for the reason that "it is clearly established under Michigan property law that an owner of an interest in indebtedness need not own an interest in the security lien dependent on that indebtedness" (R&R, Dkt 98 at 8, quoting *Crehan*, 2014 WL 467568, at *5).

Plaintiff's objections do not include any specific challenge to the Magistrate Judge's recommendation on Count VIII, and Plaintiff points to no allegations in his purported First Amended Complaint demonstrating that the recommendation is unwarranted, even if the Magistrate Judge had considered Plaintiff's amended pleading.

### (f)    Counts XV, XVI & XVIII (UCC)

The Magistrate Judge recommends dismissal of Counts XV, XVI and XVIII, Plaintiff's claims under the Uniform Commercial Code (UCC), for the reason that "the UCC is inapplicable to a mortgage on real property because it is not a negotiable instrument" (R&R, Dkt 98 at 8-9, quoting *Duncan v. Bank of Am., N.A.*, No. 12-12510, 2012 WL 5383147, at *3 (E.D. Mich. Oct. 15, 2012), Report and Recommendation adopted, No. 12-CV-12510, 2012 WL 5383156 (E.D. Mich. Nov. 1, 2012)).

Plaintiff's objections do not include any specific challenge to the Magistrate Judge's recommendation on Counts XV, XVI and XVIII, and Plaintiff points to no allegations in his purported First Amended Complaint demonstrating that the recommendation is unwarranted, even if the Magistrate Judge had considered Plaintiff's amended pleading.

**(g)   Count XIX (FCRA)**

Last, the Magistrate Judge recommends dismissal of Count XIX, Plaintiff's claim under the Fair Credit Reporting Act (FCRA) (R&R, Dkt 98 at 9).  The Magistrate Judge determined that "[w]hile Defendants may, in fact, have failed to proclaim, in a manner acceptable to Plaintiff, the validity of the indebtedness presently at issue, such falls outside the scope of the FCRA which . . . penalizes 'furnishers of information' who provide inaccurate credit information" (*id.*, quoting 15 U.S.C. § 1681s-2(a)).

In his objection, Plaintiff emphasizes that "NONE of the Defendants dispute Plaintiff's facts surrounding violations of FCRA" (Objs., Dkt 109 at 11).  However, as Defendants more fully point out in response to Plaintiff's objections (Resp., Dkt 111 at 7; Resp., Dkt 119 at 7-8), Plaintiff's assertion fails to demonstrate any error in the Magistrate Judge's determination that the FCRA is inapplicable to the facts Plaintiff alleges, including the facts he alleges in his purported First Amended Complaint.  As a result, the Magistrate Judge properly recommended dismissal of Plaintiff's FCRA claims.

In sum, Plaintiff has not identified any meritorious reason for this Court to reject the Magistrate Judge's recommendation to grant Defendants' motions to dismiss and dismiss the claims against Trott & Trott.  Plaintiff's objections concomitantly demonstrate why amendment of Plaintiff's Complaint would be futile, dilatory and cause undue prejudice to Defendants.  *See Raiser*

*v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, No. 11-3227, 2012 WL 3192197, at *2 (6th Cir. Aug. 7, 2012) (affirming the district court's decision to deny the pro se plaintiff leave to amend his complaint because "[a]ny amendment to the complaint would have been dilatory and caused undue prejudice to the defendants") (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Therefore, this Court denies Plaintiff's objections, including Plaintiff's requests for discovery and for leave to amend his complaint or "acceptance of it for filing" (Objs., Dkt 109 at 12), and adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

This Court further determines that Plaintiff's recent motion, seeking to have this Court "remand" or "exempt" Count V of his First Amended Complaint, is therefore also properly denied. This Court has no power or authority to "remand" this case, in whole or in part, to state court, nor any power or authority to "exempt" Count V where the case was not removed from state court but originally filed by Plaintiff in this Court. Further, as discussed *supra,* there is no operative "First Amended Complaint."

An Order consistent with this Opinion will be entered. As this Court's Opinion and Order resolves all pending claims and motions, a corresponding Judgment will also be entered. *See* FED. R. CIV. P. 58.

Dated: March  23  , 2015                      /s/ Janet T. Neff_____
                                              JANET T. NEFF
                                              United States District Judge